UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

YACHT STARSHIP DINING
CRUISES, L.L.C., a Florida
limited liability company

       Plaintiff,

Case No.

v.

FLORIDA MARINE WAYS &
BOATWORKS, LLC, a Florida
limited liability company

       Defendant.
_____/

**COMPLAINT**

Plaintiff, Yacht Starship Dining Cruises, L.L.C. ("YSS") sues Defendant, Florida Marine Ways & Boatworks, LLC ("FMWB"), and alleges as follows:

**Parties, Jurisdiction and Venue**

1. This is an action for damages for breach of the implied warranty of workmanlike performance arising from a contract for repairs to a vessel. Therefore, this action is within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333(1).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim stated herein occurred in this District.

3. YSS is a Florida limited liability company with its principal place of business in Tampa, Florida and is authorized to do business in Florida. YSS operates a dining cruise business.

4. FMWB is a Florida limited liability company with its principal place of business in Tarpon Springs, Florida and is authorized to do business in Florida. FMWB operates a shipyard and is engaged in the business of repairing vessels.

5. YSS owns M/V STARSHIP IV (the "Vessel").

6. Steiner Shipyard, Inc. ("Steiner Shipyard") is an Alabama Corporation with its principle place of business in Bayou la Batre, Alabama.

## General Allegations

7. FMWB entered into an oral contract with YSS pursuant to which FMWB agreed to perform certain repairs to the Vessel. In order to effectuate the repairs, the Vessel needed to be hauled from the water.

8. On August 23, 2021, YSS brought the Vessel to FMWB's facility located at 1082 Island Ave., Tarpon Springs, Florida (the "Facility"). FMWB's Facility is equipped with a marine railway.

9. The Vessel was brought to the Facility for the purpose of receiving the repairs and also to receive an inspection to be performed by the United States Coast Guard (the "USCG Inspection").

10. To receive the repairs, it was necessary for FMWB to haul the vessel out of the water at the Facility using a railway system.

11. After the Vessel was hauled out of the water, FMWB made a unilateral decision that the Vessel was too large for the railway system.

12. FMWB attempted to lower the Vessel back into the water utilizing the railway system.

13. At the time FMWB was attempting to lower the Vessel, the tide was low.

14. During the lowering process, the Vessel's keel struck ground of the waterway (the "Incident").

15. As a result of the Incident, the Vessel suffered significant damage to its keel, stringers and bottom plates.

16. Prior to August 23, 2021, the Vessel had been hauled out at the Facility on numerous occasions without any issues.

17. FMWB refused to perform the repairs and also refused to perform additional repairs needed as a result of the Incident to the Vessel.

18. In an attempt to mitigate its damages, YSS relocated the Vessel to Steiner Shipyard located in Bayou la Batre, Alabama (the "Steiner Facility") to receive the repairs, the additional repairs, and the USCG Inspection, all on an expedited basis.

19. When the Vessel arrived at the Steiner Facility, it was hauled out of the water and the damages from the Incident were readily apparent.

20. On September 16, 2021 YSS had a survey performed at the Steiner Facility to examine and assess the damage to the Vessel that occurred at the FMWB facility as a result of the Incident (the "Survey"). A true and correct copy of the Survey is attached hereto as **Exhibit A**.

21. The Survey was performed at a total cost of $565.00, as is evidenced by Invoice No. 2021687 dated September 21, 2021 (the "Survey Invoice"). A true and correct copy of the Survey Invoice is attached hereto as **Exhibit B**.

22. Steiner Shipyard performed repairs on the Vessel for damage that occurred at the FMWB facility as a result of the Incident at a total cost of $37,878.23, as is evidenced by Invoice 2506-2 dated October 4, 2021 (the "Repair Invoice"). A true and correct copy of the Repair Invoice is attached hereto as **Exhibit C.**

23. YSS also incurred ancillary costs for additional crew travel time and accommodations in the amount of $2,023.12.

24. In addition to the cost of repairs and additional repairs, the Vessel was out of service from August 23, 2021 until October 5, 2021, during which time it was forced to cancel various charters, and as a result, YSS suffered significant loss of profits in the amount of $53,535.90.

25. YSS sent a demand letter to FMWB on October 6, 2021 and a follow up demand letter to FMWB on November 9, 2021, but FMWB has failed, and continues to fail, to provide the relief requested in both letters.

### **COUNT I – Breach of Implied Warranty of Workmanlike Performance**

Plaintiff realleges paragraphs 1 through 23 above.

26. FMWB entered into an oral contract with YSS pursuant to which FMWB undertook to perform repair services to the Vessel.

27. In undertaking to perform work on the Vessel, FMWB impliedly warranted that it would perform the repairs to the Vessel in a skilled and workmanlike manner, with the degree of diligence, attention and skill adequate to complete the tasks.

28. FMWB breached its implied warranty of workmanlike performance in the following ways:

    a) By failing to use the requisite degree of diligence, attention and skill necessary to assess whether the Vessel was of a size and weight the railway system was capable of supporting prior to loading the former onto the latter;

    b) By failing to use the requisite degree of diligence, attention and skill necessary to lower the Vessel on the railway system to ensure that the

       Vessel's keel would not severely impact the floor of the waterway upon decent;

c)     By failing to use the requisite degree of diligence, attention and skill necessary to account for the low tide in the waterway when lowering the Vessel on the railway system to ensure that the Vessel's keel would not severely strike the ground of the waterway upon decent; and

d)     By failing to take precautionary measures to prevent the Vessel's keel from severely striking the ground of the waterway upon decent.

29.     As a result of the breach of the implied warranty of workmanlike performance, the Vessel has suffered significant damage and YSS has incurred significant financial damages.

WHEREFORE, Yacht Starship Dining Cruises, L.L.C. demands judgment against Florida Marine Ways & Boatworks, LLC for damages, pre-judgment interest, costs and for such further relief as the Court deems just and proper.

DATED: January 26, 2022.

       */s/ Anthony J. Cuva*
       Anthony J. Cuva - FBN 896251
       LEAD COUNSEL
       E-mail: acuva@tcb-law.com
       Brittany K. Hendry - FBN 1018580
       E-mail: bhendry@tcb-law.com
       TURKEL CUVA BARRIOS, P.A.
       100 N. Tampa Street, Suite 1900
       Tampa, FL 33602
       Tel: (813) 834-9191
       Fax: (813) 443-2193
       *Attorneys for Plaintiff, Yacht Starship*
       *Dining Cruises, L.L.C.*